# MEMORANDUM DECISIONS

**1**

**Douglass F. FESLER, Appellant, v. Kent E. LYMAN, Appellee.**

Court of Appeals of District of Columbia. Submitted November 14, 1927. Decided December 5, 1927.

Patent Appeal No. 1957.

E. F. Pierce, C. C. Bradbury, and E. Hansmann, all of Chicago, Ill., for appellant.

G. W. Dorr, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding, awarding priority of invention to the junior party, Lyman.

The invention relates to what is known as high-pressure grease gun for lubricating automobiles. Unless the pressure was reduced in the gun of the prior art, when it was detached from the bearing, a certain amount of grease or oil would be forced through the nozzle. It was to overcome this difficulty that the invention in issue was developed. The invention is a comparatively simple one, and easily understood by those familiar with the art.

Fesler alleged conception and disclosure of the invention on or about October 1, 1921, and reduction to practice on or about October 21 of that year. Lyman alleged disclosure in July of 1921, and reduction to practice in September of the same year, which it will be observed was prior to the earliest date claimed by Fesler. The question before the Patent Office, as here, was solely one of fact, namely, whether Lyman's dates were substantiated by proof.

Leon F. Schulze, manager of the Peerless Automatic Machine Company, of Cleveland, Ohio, testified to a disclosure of the invention to him by Lyman in July of 1921; that he (Schulze) made two drawings of the invention for Lyman, those drawings being in evidence as Lyman's Exhibits D and E; that he instructed his brother, Robert Schulze, foreman of the company's machine shop, to construct a gun in accordance with the drawings; and that such a gun was constructed. Robert Schulze testified that he personally made this gun in September of 1921, and there is evidence that it was immediately and successfully tested. The gun is in evidence and responds to the issue. There was other evidence of a corroborative character.

We see no reason why the consistent testimony of these witnesses should not be accepted at its face value. As stated by the Assistant Commissioner, "the issue in this case must be decided on the proven facts and not upon suspicion, conjecture or speculation." For the reasons more fully stated by the tribunals of the Patent Office, the decision is affirmed.

Affirmed.